LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

**LORELLI LAW**
CAITLIN LORELLI, ESQ. (#14571)
8367 W. Flamingo Rd., Suite 200
Las Vegas, Nevada 89147
Telephone: (702) 762-0000
Facsimile: (702) 733-1106
caitlin@llinjuryfirm.com

**LAGOMARSINO LAW**
ANDRE LAGOMARSINO, ESQ. (#6711)
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052
Telephone: (702) 383-2864
Facsimile: (702) 383-0065
aml@lagomarsinolaw.com
*Attorneys for Plaintiffs*
*Chad Ellsworth and Amy Ellsworth*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHAD ELLSWORTH, individually; AMY ELLSWORTH, individually;

Plaintiff,

vs.

THE TRAVELERS HOME AND MARINE INSURANCE COMPANY, a foreign corporation; DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,

Defendants.

CASE NO.: 2:26-cv-00204-JAD-MDC

**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**

Pursuant to FRCP 26(f) and LR 26-1, and the Court's Order (ECF No. 36), the Parties, by and through their respective counsel, hereby stipulate to the following *Discovery Plan and Scheduling Order*.

**1. Fed. R. Civ. P. 26(f) Meeting and Procedural Background**

**a. Defendant's Motion to Dismiss Plaintiffs' Complaint**

On January 30, 2026, Defendant filed its Motion to Dismiss Plaintiffs' Complaint ("MTD Complaint") (ECF No. 4). Plaintiffs filed their Opposition to Defendant's MTD Complaint on February 11, 2026 (ECF No. 11), along with their First Amended Complaint (ECF No. 8). Defendant filed their Reply on February 18, 2026 (ECF No. 13) and the Court denied the same,

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

without prejudice, on February 25, 2026 (ECF No. 16).

**b. Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint**

Defendant filed their Motion to Dismiss Plaintiffs' First Amended Complaint ("MTD FAC") on February 13, 2026 (ECF No. 12). Plaintiffs' filed their Opposition to Defendant's MTD FAC on February 26, 2026 (ECF No. 20) and Defendant's filed their Reply on March 2, 2026 (ECF No. 22). Defendant's MTD FAC was denied on March 26, 2026 (ECF No. 29).

**c. FRCP 26(f) Conference**

Pursuant to Fed. R. Civ. P. 26(f), a conference was held on February 25, 2026, and was attended by ANDRE M. LAGOMARSINO, ESQ. of LAGOMARSINO LAW, and CAITLIN LORELLI, ESQ. of LORELLI LAW for Plaintiffs CHAD ELLSWORTH and AMY ELLSWORTH, and DYLAN P. TODD, ESQ. of CLYDE & CO US LLP for Defendant THE TRAVELERS HOME AND MARINE INSURANCE COMPANY. The Parties filed their first Discovery Plan and Scheduling Order on March 4, 2026 (ECF No. 24).

**d. Motion and Stipulations to Stay Discovery**

After filing their MTD Complaint, Defendant filed a Motion to Stay Discovery pending the resolution of their MTD Complaint (ECF No. 7). Plaintiffs opposed this Motion on February 23, 2026 (ECF No. 14) and Defendant filed its Reply on March 2, 2026 (ECF No. 22). The Parties later stipulated to the stay, which was granted by the Court on March 13, 2026 (ECF No. 27). During the pendency of Defendant's Motion for Reconsideration (described below), the Parties stipulated to a continuance of the stay, which was granted by the Court on May 1, 2026 (ECF No. 35).

**e. Defendant's Motion for Reconsideration**

Following the denial of Defendant's MTD FAC (described above), Defendant filed a Motion for Reconsideration on March 30, 2026 (ECF No. 31). Plaintiffs opposed that motion on April 8, 2026 (ECF No. 32) and Defendant filed their reply on April 15, 2026 (ECF No. 33). On October 19, 2026, the Court denied Defendant's Motion for Reconsideration and lifted the discovery stay (ECF No. 36).

. . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

**2. Changes to Pre-Discovery Disclosures**

Pursuant to FRCP 26(f)(3)(A), the parties stipulate that there shall be no changes to the form or requirement for disclosures under FRCP 26(a). The parties have stipulated that disclosures under FRCP 26(a) shall be due on or before November 9, 2026, including, but not limited, to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii). Defendant produced its initial disclosures on May 14, 2026.

**3. Areas of Discovery**

The parties agree that all discovery allowed under the Federal Rules of Civil Procedure, including by Rule 26(b), Rule 30, Rule 33, Rule 34, and Rule 36 should be permitted, such that the parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case, subject to the limitations imposed by Rule 26(b)(2).

All parties reserve all rights.

**4. Issues with Electronically Stored Information**

The parties stipulate that there are no issues pertaining to the disclosure, discovery, or preservation of electronically stored information. The parties anticipate, however, that this case will involve or require the inspection or production of electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced in paper format, as an image (e.g., pdf, jpg, or tiff), or via hard electronic copy (e.g., CD-ROM, DVD, or Dropbox.com). The parties will cooperate in good faith to ensure that ESI is produced in a readily identifiable (and readable) format.

**5. Issues Regarding Privilege or Protection**

In the event any party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other parties (the "Recipients") of the inadvertent disclosure of privileged or confidential items, identifying the

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced a privileged or confidential item in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten (10) days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with the Claw Back Agreement, the Recipient(s) may, following the return and destruction described in Paragraph 2 of this Claw Back Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the Court in which the litigation is currently pending. The parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

**6. <u>Electronic Service</u>**

To create an expeditious and efficient manner of service of the above-captioned litigation, the parties hereby consent to electronic service pursuant to FRCP 5(b)(2)(E). As such, when any of the undersigned parties wish to serve a discovery related document, that party shall effectuate service of the document to the following email addresses:

| PARTY | FIRM NAME | EMAIL ADDRESSES |
|---|---|---|
| Plaintiffs | Lagomarsino Law & Lorelli Law | AML@lagomarsinolaw.com<br>Denise@lagomarsinolaw.com<br>Madai@lagomarsinolaw.com |

| | | |
|---|---|---|
| | | fileclerk@lagomarsinolaw.com<br>caitlin@llinjuryfirm.com |
| Defendant | Clyde & Co | Dylan.Todd@clydeco.us<br>Lee.Gorlin@clydeco.us<br>Amy.Samberg@clydeco.us<br>Raphaela.Todd@clydeco.us |

The parties further stipulate that e-mail service shall not be considered effective if not all contacts listed above are included in the e-mail service. The parties further stipulate service by facsimile is not agreed to and shall not be considered valid service.

**7. Discovery Plan**

The Parties propose the following discovery plan, noting that the first appearance made in this Court by Defendant was on January 28, 2026 (ECF No. 1). Following the briefing described above in §1, the Parties held an additional conference on October 26, 2026.

**a. Close of Discovery Date**

The parties herein stipulate that the discovery period shall be one hundred and eighty (180) days from October 26, 2026. Therefore, the close of discovery shall be Monday, April 26, 2027.

**b. Amending the Pleadings or Adding Parties**

The parties shall have until Monday, January 25, 2027, to file any motions to amend the pleadings or to add parties. This is ninety (90) days prior to the close of discovery.

**c. FRCP 26(a)(2) Disclosure of Experts**

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2)(D) and LR 26-1(b)(3) as follows:

- The disclosure of experts and their reports shall occur on or before Thursday, February 25, 2027.
- The disclosure of rebuttal experts and their reports shall occur on or before Monday, March 29, 2027.

These deadlines are sixty (60) days before the discovery cut-off date and thirty (30) days after the initial disclosure of experts.

. . .

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

**d. Dispositive Motions**

The parties shall have until Wednesday, May 26, 2027, to file dispositive motions. This is thirty (30) days after the discovery cut-off date, as required by LR 26-1(b)(4).

**e. Pre-Trial Order**

The parties will prepare a consolidated Pre-Trial Order on or before Friday, June 25, 2027, which is not more than thirty (30) days after the date set for filing dispositive motions in this case, as required by LR 26-1(b)(5). In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after decision of the dispositive motions or further order of the Court. The disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be made in the pre-trial order.

**f. Modifications of the Discovery Plan and Scheduling Order**

LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion must be made at least twenty-one (21) days prior to the expiration of any extension thereof that may have been approved by the Court, or at least twenty-one (21) days prior to the expiration of the subject deadline.

**8. Certifications**

Lastly, pursuant to LR 26-1(b)(7-9),the parties certify as follows:

**a. Alternative Dispute Resolution**

That they met and conferred about the possibility of using alternative dispute-resolution process including mediation or arbitration. At this time, the parties have not unanimously decided to move forward with ADR processes.

**b. Alternative Forms of Case Disposition**

That they considered consent to trial by magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). At this time, the parties withheld their mutual consent to such forms of alternative case disposition.

**c. Electronic Evidence**

That they discussed whether they intend to present evidence in electronic format to jurors

LAGOMARSINO LAW
3005 W. Horizon Ridge Pkwy., #241, Henderson, Nevada 89052
Telephone (702) 383-2864 Facsimile (702) 383-0065

for the purpose of jury deliberations and that no stipulations have been reached as of the filing of this plan regarding providing discovery in an electronic format compatible with the Court's electronic jury evidence display system.

**IT IS SO STIPULATED AND AGREED.**

DATED this 30th day of October, 2026.

**LAGOMARSINO LAW**

*/s/ Andre M. Lagomarsino*
ANDRE LAGOMARSINO, ESQ. (#6711)
3005 West Horizon Ridge Parkway, #241
Henderson, Nevada 89052

**LORELLI LAW**
CAITLIN LORELLI, ESQ. (#14571)
8367 W. Flamingo Rd., Suite 200
Las Vegas, Nevada 89147
*Attorneys for Plaintiffs*
*Chad Ellsworth and Amy Ellsworth*

DATED this 30th day of October, 2026.

**CLYDE & CO US LLP**

*/s/ Dylan P. Todd*
AMY M. SAMBERG, ESQ. (#10212)
DYLAN P. TODD, ESQ. (#10456)
LEE H. GORLIN, ESQ. (#13879)
7251 W. Lake Mead Blvd., Suite 430
Las Vegas, NV 89128
*Attorneys for Defendant The Travelers*
*Home and Marine Insurance Company*

**IT IS SO ORDERED.**

Any discovery disputes must be resolved in accordance with the Court's 02/26/2026 Standing Order (ECF No. 18). Extensions to discovery or pretrial deadlines is governed by LR 26-3.

Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: November 4, 2026